ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| FLORIDA MALL ASSOCIATES, LTD<br><br>Apelantes<br><br>V.<br><br>ECB PONCE CORP.: PEDRO LÓPEZ, SU ESPOSA, CONNIE MARTÍNEZ Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS<br><br>Apelados | TA2025AP00226 | *APELACIÓN* procedente del Tribunal de Primera Instancia Sala de Caguas<br><br>Civil Núm. CG2024CV03120<br><br>Sobre:<br><br>Cobro de Dinero e Incumplimiento de Contrato |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz, y la juez Aldebol Mora

Brignoni Mártir, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 27 de octubre de 2025.

Comparece ante nos, Florida Mall Associates, LTD; (en adelante, "Florida Mall" o "apelante"), a los fines de solicitar nuestra intervención para que dejemos sin efecto la "*Sentencia*" emitida el 25 de junio de 2025, por el Tribunal de Primera Instancia, Sala de Caguas. Mediante dicho dictamen, el referido foro sentenciador declaró *Con Lugar* la "*Moción de Desestimación por Falta de Parte Indispensable*" presentada por ECB Ponce Corp. (en adelante, "ECB Ponce"); Pedro López, su esposa, Connie Martínez y la Sociedad Legal de Gananciales compuesta por ambos (en adelante, "SLG López-Martínez").

Por los fundamentos que exponemos a continuación, se *confirma* la sentencia apelada.

### I.

El 27 de agosto de 2024, Florida Mall instó una *Demanda,* sobre cobro de dinero e incumplimiento de contrato, en contra de ECB Ponce y

la SLG López-Martínez (en adelante, "apelados").[1] En síntesis, alegó que suscribió un contrato de arrendamiento (en adelante, "contrato") con la entidad ECB Eye Florida Corp. (en adelante, "Eye Corp."), mediante el cual le arrendó un local comercial, sito en el estado de la Florida. En lo pertinente a la controversia que nos ocupa, arguyó que, al mencionado contrato, comparecieron ECB Ponce y la SLG López-Martínez, para garantizar a Florida Mall el pago de la totalidad de los pagos pactados en el contrato, en caso de que Eye Corp. incumpliera con sus obligaciones contractuales. En dicha *Demanda* no incluyó como parte demandada a Eye Corp.

Por su parte, el 24 de enero de 2025, ECB Ponce y la SLG López-Martínez presentaron una *Moción de Desestimación por Falta de Parte Indispensable*.[2] Alegaron que, en la referida *Demanda* no se incluyó al deudor principal en el contrato; Eye Corp. Sostuvieron que, dado que la obligación principal alegadamente garantizada fue de Eye Corp., dicha empresa es parte indispensable en el pleito y que, por lo tanto, la *Demanda* debía ser desestimada.

El 16 de febrero de 2025, Florida Mall presentó una *Moción en Oposición a Moción de Desestimación por Falta de Parte Indispensable*.[3] En resumen, argumentó que la sentencia a ser emitida por el foro primario iría dirigida exclusivamente contra ECB Ponce y la SLG López-Martínez, como garantizadores del contrato, y que serían ellos quienes vendrían obligados a pagar lo adeudado, no Eye Corp. Sostuvo que la mencionada entidad no se vería afectada de ninguna manera y no es parte indispensable en el pleito. Mencionó, además, que Pedro López, codemandado y garantizador del contrato, es oficial y director de Eye Corp., y que, por esto, tenía pleno conocimiento de que la entidad incumplió sus obligaciones contractuales.

---

[1] Entrada #1 del Sistema Unificado de Manejo y Administración de Casos de Tribunal de Primera Instancia (SUMAC TPI).
[2] Entrada #27 del SUMAC TPI.
[3] Entrada #30 del SUMAC TPI.

Así las cosas, ECB Ponce y la SLG López-Martínez presentaron una *Réplica a Moción en Oposición a Moción de Desestimación por Falta de Parte Indispensable.*[4] En ella, alegaron, entre otras cosas, que, incluir a Pedro López en la *Demanda* no cura la falta de parte indispensable, que Eye Corp. es parte indispensable en el pleito, y que, el foro primario no puede dictar sentencia en contra de los demandados sin primero concluir que Eye Corp. incumplió con el contrato de arrendamiento.

Luego de varios trámites procesales, el 25 de junio de 2025, el Tribunal de Primera Instancia emitió y notificó la *Sentencia* que nos ocupa.[5] Mediante dicho dictamen, el foro sentenciador declaró *Con Lugar* la *Moción de Desestimación por Falta de Parte Indispensable.* En su consecuencia, desestimó la demanda, sin perjuicio, en contra de ECB Ponce y la SLG López-Martínez. En específico, concluyó que, a la luz de las alegaciones de la *Demanda*, dando las mismas como ciertas, y del derecho aplicable, Eye Corp. es una parte indispensable en el pleito. Esto, ya que la responsabilidad que se le reclama a los garantizadores del contrato es contingente a probar un incumplimiento contractual por parte de Eye Corp., y que esto requiere que se pase juicio sobre las obligaciones de este, su alegado incumplimiento y la suma de dinero que adeuda. Además, sostuvo que del acuerdo de garantía no surgió una deuda solidaria, sino que, lo que estableció fue una garantía en caso de incumplimiento.

El 10 de julio de 2025, Florida Mall presentó una *Moción de Reconsideración*[6], la cual fue declarada No Ha Lugar por el foro primario. Como parte de sus argumentos, alegó que el foro primario debió brindarle la oportunidad a Florida Mall de enmendar su *Demanda* para incluir a Eye Corp. como parte demandada. En dicha moción, expresó, además, que, de ser incluida como parte demandada en el pleito, era probable que la entidad levante como defensa falta de jurisdicción sobre su persona.

---

[4] Entrada #32 del SUMAC TPI.
[5] Entrada #52 del SUMAC TPI.
[6] Entrada #53 del SUMAC TPI.

Inconforme, el 11 de agosto de 2025, la parte apelante presentó el recurso de epígrafe y señaló los siguientes errores:

ERRÓ EL TPI AL FUNDAMENTAR SU SENTENCIA EN QUE NO SURGE UNA OBLIGACIÓN SOLIDARIA CUANDO LAS ALEGACIONES (Y EL DOCUMENTO DE GARANTÍA INCLUIDO COMO EXHIBIT DE LA DEMANDA) CLARAMENTE DISPONEN LO CONTRARIO.

ERRÓ EL TPI AL CONCLUIR QUE ECB EYE FLORIDA CORP. ES PARTE INDISPENSABLE EN EL PRESENTE CASO.

ERRÓ EL TPI AL DESESTIMAR LA DEMANDA SIN HABER ORDENADO QUE SE ACUMULARA A ECB EYE FLORIDA CORP. COMO PARTE.

En cumplimiento con nuestra *Resolución* del 19 de agosto de 2025, la parte apelada compareció ante nos mediante un *Alegato en Oposición*. Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II.

## -A-

La moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil,[7] "es aquella que formula el demandado antes de presentar su contestación a la demanda, en la cual solicita que se desestime la demanda presentada en su contra".[8] La citada regla dispone que la parte demandada puede presentar una moción de desestimación en la que alegue las defensas siguientes:

(1)     falta de jurisdicción sobre la materia;
(2)     falta de jurisdicción sobre la persona;
(3)     insuficiencia del emplazamiento;
(4)     insuficiencia del diligenciamiento del emplazamiento;
(5)     dejar de exponer una reclamación que justifique la concesión de un remedio;
(6)     **dejar de acumular una parte indispensable**. [9] (Énfasis Nuestro).

Por su parte, la Regla 16.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 16.1, establece que "[l]as personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas, según corresponda.

---

[7] 32 LPRA Ap. V, R. 10.2.
[8] *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008).
[9] 32 LPRA Ap. V, R. 10.2." (Énfasis en el original). *González Méndez v. Acción Social de Puerto Rico*, 196 DPR 213, 234 (2016).

Cuando una persona que deba unirse como demandante rehúse hacerlo, podrá unirse como demandada."

De acuerdo con la interpretación jurisprudencial, la parte indispensable es aquella de la cual no se puede prescindir y cuyo interés en la cuestión es de tal magnitud, que no puede dictarse un decreto final entre las otras partes sin lesionar y afectar radicalmente sus derechos. *Inmob. Baleares et al. v. Benabe et al*, 2024 TSPR 112; *Pérez Ríos et al. v. CPE*, 213 DPR 203, 213 (2023). Así pues, "una parte se convierte en indispensable cuando la controversia no puede adjudicarse sin su presencia ya que sus derechos se verían afectados". *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 479 (2019)*; Bonilla Ramos v. Dávila Medina*, 185 DPR 667, 677 (2012).

Por su trascendencia, "la sentencia que se emita en ausencia de parte indispensable es nula". *García Colón et al. v. Sucn. González*, 178 DPR 527, 550 (2010); *Unisys v. Ramallo Brothers*, 128 DPR 842, 859 (1991). Si no está presente en el litigio se trasgrede el debido proceso de ley del ausente. *Rivera Marrero v. Santiago Martínez*, *supra*, pág. 479; *Bonilla Ramos v. Dávila Medina*, *supra*, pág. 677. Por tanto, el planteamiento de falta de indispensable puede presentarse en cualquier momento, lo que incluye que se presente por primera vez en apelación o incluso el tribunal puede levantarlo *motu proprio. Inmob. Baleares et al. v. Benabe et al, supra*; *Pérez Ríos et al. v. CPE, supra,* pág. 213.

En estos escenarios, compete emitir la siguiente evaluación según establece el Tribunal Supremo de Puerto Rico:

> Para lograr el análisis contextual y pragmático es necesario hacer una evaluación jurídica de factores, tales como el tiempo, el lugar, el modo, las alegaciones, la prueba, la clase de derechos, los intereses en conflicto, el resultado y la formalidad. Como hemos expresado, lo fundamental es determinar si el tribunal puede hacer justicia y conceder un remedio final y completo a las partes presentes sin afectar los intereses de la parte ausente. *RPR & BJJ, Ex parte*, 207 DPR 389, 409 (2021). Véase, también, *FCPR v. ELA et al.*, 211 DPR 521, 531-532 (2023).

De reconocerse que una parte indispensable está ausente, debe desestimarse la acción legal. Sin embargo, tal proceder no tendrá el efecto de una adjudicación en los méritos, ni de cosa juzgada. *Pérez*

*Rosa v. Morales Rosado*, 172 DPR 216, 224 (2007); *Romero v. S.L.G. Reyes*, 164 DPR 721 (2005).

**-B-**

Son fuentes de obligaciones: (a) la ley; (b) los contratos; (c) los cuasicontratos; (d) los actos ilícitos; (e) los actos u omisiones en que interviene culpa o negligencia; y (f) cualquier otro acto idóneo para producirlas, de conformidad con el ordenamiento jurídico. Art. 1063 del Código Civil de 2020, 31 LPRA sec. 8984. Estas obligaciones pueden ser clasificadas de acuerdo con los sujetos que componen la relación, ya sean mancomunadas o solidarias. *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365, 375 (2012). En obligaciones mancomunadas, la deuda puede ser dividida y cada deudor debe cumplir con su parte de manera independiente. *Íd*, citando a J. Castán Tobeñas, *Derecho civil español, común y foral*, 10ma ed., Madrid, Ed. Reus, 1967, T. III, pág. 107. En contraste, el Art. 1096 del Código Civil de 2020, 31 LPRA sec. 9055, dispone, en cuanto a una obligación solidaria, que "[e]n virtud de lo dispuesto expresamente en la obligación o en la ley puede exigir a cada uno de los deudores, o por cada uno de los acreedores, el total de la prestación. A tales efectos, la solidaridad no se presume. *Fraguada Bonilla v. Hosp. Aux. Mutuo, supra.* Como consecuencia, "establece la mancomunidad como la regla y la solidaridad como la excepción, y surge esta última solo cuando la obligación expresamente lo determine". *Íd.*

Esbozada la norma jurídica pertinente, procedemos a resolver.

**III.**

En su primer señalamiento de error, la parte apelante sostiene que el Tribunal de Primera Instancia incidió al determinar que, de las alegaciones y el documento de garantía, no surge una obligación solidaria.

Luego de examinar el expediente ante nos, los escritos de las partes y la normativa aplicable, concluimos que el foro primario no erró en su determinación. Nos explicamos.

El ordenamiento jurídico reiteradamente ha expresado que las obligaciones, como norma general, son consideradas mancomunadas, o sea, que cada deudor cumple por su parte de manera independiente. Establece, además, que, de haber una obligación solidaria, se le puede exigir a cada uno de los deudores el total de la prestación. Sin embargo, la solidaridad no opera de manera automática ni se presume, sino que surge únicamente cuando la obligación lo determine expresamente. En el caso que nos ocupa, no existen varios deudores, sino que hay un solo deudor principal, Eye Corp., y, en caso de su incumplimiento, un garantizador, la parte apelada.

Al analizar detenidamente el acuerdo de garantía, de su texto se desprende que lo establecido es que, habrá garantía, "[…]in consequence of Tenant's failure to perform such covenants and agreement[…]"[10], o sea, como consecuencia del incumplimiento por parte del Inquilino de dichos convenios y acuerdos. Es claro que, para que entre en vigor la garantía establecida entre la parte apelante y los apelados, necesariamente tiene que haber un incumplimiento por parte del deudor principal, Eye Corp. En otras palabras, la responsabilidad de garantía por parte de los apelados está condicionada a que primero se pruebe el incumplimiento por parte de Eye Corp. Y para que se pueda probar el alegado incumplimiento, es indispensable que Eye Corp. tenga la oportunidad de comparecer como parte del pleito. No es una obligación solidaria, sino una garantía en caso de incumplimiento. No se cometió el primer error.

Por otro lado, la parte apelante señala, en su segundo error, que el foro primario incidió al concluir que Eye Corp. es parte indispensable en el pleito.

Como discutimos anteriormente, la Regla 16.1 de Procedimiento Civil, *supra*, define parte indispensable como aquella "[…]que tenga un interés en común sin cuya presencia no pueda adjudicarse la controversia[…]". En el presente caso, la *Demanda* instada en contra de

---

[10] Apéndice 1, pág. 28, en la Entrada #1 del SUMAC TPI.

los apelados recae, en esencia, en que estos tienen la responsabilidad de pagar cierta cantidad de dinero, por concepto de cánones de arrendamiento, adeudada por Eye Corp.

Ahora bien, de las mismas alegaciones se desprende que el pago reclamado por la parte apelante nace a la luz de un alegado incumplimiento de contrato por parte de Eye Corp. Resulta evidente que, para determinar si los garantizadores, aquí apelados, tienen la responsabilidad de pagar la cantidad reclamada, primero hay que resolver si, en efecto, hubo un incumplimiento por parte de Eye Corp., en cuanto al contrato de arrendamiento suscrito con la parte apelante.

Es norma reiterada que, al hacer una determinación sobre un alegado incumplimiento, en ausencia de aquel a quien se le adjudica dicho incumplimiento, se trasgrede su debido proceso de ley. Más aún, la normativa jurídica es clara en que, de emitirse una sentencia en ausencia de parte indispensable, esta es nula. Forzoso es concluir que, Eye Corp. tiene un interés en el pleito a tal magnitud que, no se puede dictar un decreto final en su ausencia, ya que esto lesionaría radicalmente sus derechos. Esto, debido a que, el efecto de una sentencia en su contra conllevaría un dictamen de incumplimiento de contrato por parte de Eye Corp., sin antes tener la oportunidad de defenderse. Eye Corp. es parte indispensable, por lo que, no se cometió el segundo error.

En su último señalamiento de error, la parte apelante sostiene que erró el foro sentenciador al no ordenar que se acumule a Eye Corp. como parte en el pleito. Sin embargo, la propia parte apelante, en su *Moción de Reconsideración*, expresó que, de ser incluida en el pleito como demandada, es probable que la entidad Eye Corp. levante como defensa falta de jurisdicción sobre su persona. Asimismo, desde la presentación de la *Demanda*, en agosto de 2024, hasta la presentación del recurso ante nuestra consideración, en agosto de 2025, la parte apelante no solicitó, en ningún momento, incluir a Eye Corp. como parte demandada.

Por el contrario, se limitó a sostener y reiterar su argumento de que la entidad no es parte indispensable en el pleito.

Independientemente cualquier defensa que pueda tener Eye Corp., en caso de ser incluida como parte demandada, es manifiesto que es parte indispensable para determinar si cumplió o no con el contrato de arrendamiento, para que, en caso de probar el incumplimiento, entonces los apelados respondan como garantizadores. La parte apelante tuvo oportunidad de incluir la entidad como parte demandada y no lo hizo. Por tal razón, no se cometió el tercer error.

En virtud de lo anterior, el caso de epígrafe debe desestimarse. No obstante, tal desestimación no tendrá el efecto de una adjudicación en los méritos, ni de cosa juzgada.

En fin, colegimos que no erró el foro apelado al declarar Con Lugar la *Moción de Desestimación por Falta de Parte Indispensable* promovida por la parte apelada.

**IV.**

Por los fundamentos antes expuestos, se confirma el dictamen apelado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones